DECISION
James Gardner (the "Appellant") appeals from a decision of the Charlestown Zoning Board of Review (the "Zoning Board"), sitting as the Planning Board of Review and Appeals, which upheld a decision of the Charlestown Planning Commission (the "Planning Commission"). The Planning Commission denied Appellant's request for an administrative subdivision of property located at 128 Botka Drive in Charlestown, Rhode Island. Jurisdiction is pursuant to G.L. 1956 § 45-23-71. For the reasons set forth herein, the decision of the Zoning Board is affirmed.
 I Facts and Travel
Appellant owns approximately twenty-five acres of land located at 128 Botka Drive, in Charlestown, Rhode Island. In November of 2005, the Planning Commission approved Appellant's application for a subdivision, which resulted in the creation of two lots at the Botka Drive property. Although the smaller of the two created lots was not fully compliant with the Charlestown Subdivision and Land Development Regulations (the "Regulations" or the "Regulation"), the Planning Commission approved the subdivision because the Appellant stated he would not seek any subdivision in the future.
Undeterred, in July of 2007, Appellant again petitioned the Planning Commission *Page 2 
for permission to re-subdivide his property. Appellant's proposal called for apportioning the majority of acreage to the front lot and creating a long and narrow driveway leading to the smaller rear lot. After considering Appellant's request, the Planning Commission was chiefly concerned that the proposed driveway was too narrow. Specifically, the Planning Commission was concerned about Regulation § 11.3(C)(4).[1] In addition, the Planning Commission was also concerned that the proposed rear lot did not meet the minimum length to width ratio, per § 11.3(B)(2), and that the rear lot was close to the minimum required acreage. Furthermore, the Planning Commission stated if it granted the subdivision, it wanted the Appellant to agree to no further subdivisions of his property. In response, Appellant stated that he hoped to eventually subdivide his property into three lots, one for himself and one for each of his two sons. As a result, the Appellant was unwilling to waive his right to subdivide in the future.
The Planning Commission ultimately suggested to Appellant that he choose one of several options. According to the Planning Commission, the Appellant could either have the wetlands identified and flagged; go directly to the Zoning Board to obtain a variance to permit the non-conforming lot; create a plan for a three-lot subdivision and present it to the Commission for review; or agree to no further subdivisions. Instead, Appellant asked the Planning Commission to make a decision on his application that evening. Thus, on July 18, 2007, the Planning Commission denied Appellant's request for an administrative subdivision without prejudice.
On September 19, 2007, Appellant submitted a revised administrative subdivision proposal to the Planning Commission. On the new proposal the wetlands were flagged, but not verified. Additionally, the driveway had been increased in size from twenty feet *Page 3 
to twenty-five feet in width. However, once again the Planning Commission denied the proposal without prejudice. In denying the application the Planning Commission noted the driveway was still too narrow, that the proposed lot still did not meet the minimum length to width ratio, and that the wetlands remained unverified.
On August 29, 2008, Appellant submitted yet another revised proposal for an administrative subdivision. The proposal was essentially the same as the application submitted on September 19, 2007. However, in the new proposal, the driveway was widened to fifty feet and the wetlands were flagged and verified. The Planning Commission expressed essentially the same concerns it had with the prior proposals: the driveway was still too narrow; the length to width ratio did not meet the minimum requirements; and Appellant still refused to agree not to subdivide his property further. Specifically, the Planning Commission felt that as proposed, the administrative subdivision would facilitate further development of the property. The Planning Commission explained to the Appellant that his original subdivision request in 2005 was granted — despite its nonconformance to some of the Regulations — because the Appellant promised not to develop or subdivide the property further. As a result, the Planning Commission stated that unless Appellant agreed not to subdivide his property further, the Planning Commission would not grant his request unless the plan complied with the Regulations. Steadfast, the Appellant refused to promise not to develop the property further. Thus, on October 15, 2008, the Planning Commission denied the subdivision request with prejudice.
Appellant then appealed the Planning Commission's denial of his administrative subdivision to the Zoning Board. On December 16, 2008, the Zoning Board reviewed the *Page 4 
minutes from the Planning Commission meetings and conducted a hearing on the issue. The Zoning Board upheld the Planning Commission's decision. In its decision, the Zoning Board noted that the fundamental principle behind zoning is "conformity." The Zoning Board concluded the Planning Commission simply upheld this principle in denying the Appellant's request to create non-conforming lots. As such, the Zoning Board determined the Planning Commission acted within its authority and affirmed the Planning Commission's decision.
 II Standard of Review
Rhode Island General Law 1956 § 45-23-71 provides the appropriate standard of review for an appeal to the Superior Court of a planning commission subdivision decision. The statute states, in part:
 The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. G.L. 1956 § 45-23-71(c).
In making its determination, the court is not to conduct a denovo review, but is to rely on "the record of the hearing before the planning board." Section 45-23-71(b); see alsoMunroe v. Town of E. Greenwich, 733 A.2d 703, 705 (R.I. 1999);Kirby v. Planning *Page 5 Board of Review of Middletown, 634 A.2d 285, 290 (R.I. 1993). "Therefore, the Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact."Munroe, 733 A.2d at 705. "Rather, `[i]ts review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law.'"Id. (quoting Kirby, 634 A.2d at 290).
 III Analysis
"Property rights are created by the state." Palazzolo v. RhodeIsland, 533 U.S. 606, 626 (2000). As such, the "right to improve property . . . is subject to the reasonable exercise of state authority." Id. at 627. In Rhode Island, this authority is exercised through the creation and enforcement of local zoning ordinances. In the Comprehensive Planning and Land Use Act (the "Act"), the General Legislature outlines the purpose and importance of zoning ordinances, as well as necessary limitations on the state's power to regulate. G.L. 1956 § 45-22.2-3. The Act cites the following, amongst other things, as important objectives of zoning ordinances: promotion of the appropriate use of land; "coordination of growth and the intensity of development with provisions for services and facilities;" and conservation of "finite natural resources" through controlling "protection, development, use and management of our land." Id. Thus, it is the duty of each city and town to create and implement appropriate zoning laws to serve the purposes outlined above.
In the case at bar, Appellant first claims he is entitled to a waiver of the regulations because of his property's peculiar attributes. As justification, Appellant notes *Page 6 
his proposed administrative subdivision creates lots substantially more compliant with the regulations than those currently in existence. Furthermore, Appellant reasons that because he was granted a waiver for the previous non-conforming subdivision, he is entitled to a waiver now as well. Regulation § 10.8(A) states "[t]he Planning Commission may grant such waivers and/or modifications from the requirements for approval and design standards as may be reasonable and consistent with the general purposes and intent of these Regulations." Notably, the statute uses the word "may" rather than the obligatory "shall." Thus, if the Planning Commission finds that the application does not meet the criteria necessary for a waiver, it is under no obligation to grant one, regardless of whether it granted a waiver in the past. The Planning Commission is entrusted with the responsibility of enforcing the Regulations, and it is within its sole discretion to determine whether a waiver is granted.
Appellant next argues that the provision in the subdivision regulations prohibiting long and narrow lots is inapplicable to subdivisions. According to the Appellant, the provision only applies to the creation of new lots. At issue is Regulation § 11.3(C)(4) which states,
 [l]ong, narrow lots shall not be approved. Unusual shapes, angles and dimensions shall be avoided in lot layout and design. The Commission and Administrative Officer have the authority for any application submitted under these regulations to require modifications to the proposed lot layout to achieve the purposes of these Regulations.
Section 1.4(A) of the Regulations clearly states that the rules are applicable to the subdivision of any land, which necessarily includes re-subdivision. Therefore, Appellant's argument that § 11.3(C)(4) is applicable only to new lots is misplaced.
Finally, Appellant contends the Planning Commission had ulterior motives for *Page 7 
denying his request and asserts these actions amounted to extortion. As a preliminary matter, this Court declines to address the allegations of extortion. No evidence has been placed before this Court that tends to support such a claim. Pursuant to § 45-23-71, this Court's review of the Planning Commission's decision is limited to the record before the Court. As such, this Court's determination must be confined to "whether the board's decision rests upon `competent evidence' or is affected by an error of law." Munroe,733 A.2d at 705 (quoting Kirby, 634 A.2d at 290). As long as there is an appropriate legal basis for the Planning Commission's decision, this Court must uphold it.
After careful review of the Planning Commission's minutes, and the supporting documents submitted by Appellant, this Court is satisfied the Planning Commission acted within its authority when it denied Appellant's request. The evidence before the Court indicates the proposed administrative subdivision violated several of the Regulations. As cited above, Regulation § 11.3(C)(4) states in pertinent part "[t]he Commission and Administrative Officer have the authority for any application submitted under these regulations to require modifications to the proposed lot layout to achieve the purposes of these Regulations." Such language makes clear the Planning Commission's decision was supported by the authority of the law, and, as such, this Court must uphold it.
 IV Conclusion
After review of the entire record, this Court concludes that the decision of the Zoning Board was not made upon unlawful procedure, affected by error of law, or clearly erroneous. Substantial rights of the parties were not prejudiced by the decision. *Page 8 
Accordingly, Appellant's appeal is denied, and the decision of the Zoning Board, upholding the Planning Commission's decision, is affirmed.
[1] Regulation § 11.3(C)(4) states "[l]ong, narrow lots shall not be approved."